UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| SHANNAH M. KURLAND, : | |
|                Plaintiff      : | |
| v.      : | C.A. No. 18- |
| : | |
| CITY OF PROVIDENCE, by and   : | Jury Trial Demanded |
| through its Treasurer, James J.   : | |
| Lombardi, III, GEORGE SMITH alias,   : | |
| RALPH ABENANTE, alias, and   : | |
| KYLE RICHARDS, alias,   : | |
| individually and in their official   : | |
| capacities as police officers in the   : | |
| City of Providence Police Department,   : | |
| and  HUGH T. CLEMENTS, JR., alias,   : | |
| individually and in his official capacity as : | |
| Chief of the City of Providence Police   : | |
| Department,  and STEVEN M. PARÉ,   : | |
| alias, individually and in his official   : | |
| capacity as Commissioner of Public   : | |
| Safety for the City of Providence,   : | |
|                Defendants | |

**COMPLAINT**

**I.     Introductory Statement**

This action is brought by the Plaintiff seeking declaratory and injunctive relief and compensatory and punitive damages for acts and/or omissions of Defendants in violation of Plaintiff's rights to freedom of speech, unreasonable search and seizure, and malicious prosecution under the First, Fourth, Fifth, and Fourteenth Amendments to the United States Constitution, actionable pursuant to 42 U.S.C. §1983, Article 1, §§2, 6, and 21 of the Rhode Island Constitution, and under the laws of the State of Rhode Island.

**II.     Parties**

1.     Plaintiff Shannah M. Kurland is a resident of the City of Providence, County of Providence and State of Rhode Island.

2. Defendant City of Providence ("City") is a duly authorized and organized municipality under the laws of the State of Rhode Island and is sued by and through its Treasurer, James J. Lombardi, III, alias, the official designated by state law, R.I.G.L. §45-15-5, to be named in a suit for relief against the City.

3. Defendant George Smith, alias, is sued individually and in his official capacity as a police officer in the City Police Department.

4. Defendant Ralph Abenante, alias, is sued individually and in his official capacity as a police officer in the City Police Department.

5. Defendant Kyle Richards, alias, is sued individually and in his official capacity as a police officer in the City Police Department.

6. Defendant Hugh T. Clements, Jr., alias, is sued individually and in his official capacity as Chief of the City Police Department.

7. Defendant Steven M. Paré is sued individually and in his official capacity as Commissioner of Public Safety for the City.

### III.    Jurisdiction

8. This Court has jurisdiction pursuant to 28 U.S.C. §§1331, 1343, 1367, 2201 and 2202.

### IV.    Venue

9. Venue is proper in this Court since, on information and belief, all of the Defendants reside or may be found in the District of Rhode Island in compliance with the requirements set forth in 28 U.S.C. §1391. Venue is also proper because a substantial part of the events or omissions giving rise to the claims occurred in the District of Rhode Island.

### V.     Material Facts

#### A.     Chronology of Events

*Freedom to Assemble and Free Speech in a Public Forum*

10.     On information and belief, on or about August 13, 2015 at or about 3:00 p.m., Defendants Abenante and Richards were on bicycle posts at Kennedy Plaza in Providence, Rhode Island.

11.     Defendant Smith was the commanding officer of said post and had directed Defendants Abenante and Richards and presumably other Officers of Defendant City Police Department assigned to the same post to "disperse subjects loitering in front of area businesses and committing other city ordinance violations or crimes."

12.     On the same day and time, Plaintiff Kurland was attending a meeting with Barbara Freitas, Kate Miechkowski, and a few other people at Mathewson Street Church at 134 Mathweson Street, Providence, Rhode Island.

13.     Barbara Freitas was at the time the director of the Rhode Island Homeless Advocacy Project (RIHAP).

14.     Kate Miechkowski was at the time a case worker for House of Hope, a non-profit social services organization serving the homeless, which is based in Warwick, Rhode Island.

15.     The meeting was a homeless advocacy meeting discussing the rights of people to stand in public spaces such as a sidewalks without police interference and harassment and/or arrest for those actions by Providence Police, especially homeless people.

16.     As the meeting was wrapping up, Ms. Freitas received a call that members of the Providence Police Department in the Kennedy Plaza area were harassing a woman Ms. Freitas worked with through RIHAP and insisting that the woman could not stand on the sidewalk near the CVS on Fulton Street in Kennedy Plaza.

17. As the meeting was finishing up and they were nearby, Plaintiff Kurland, Ms. Freitas, and Ms. Miechkowski decided to go to the area where the police were attempting to remove the woman from the sidewalk and see what could be done.

18. Plaintiff Kurland, Ms. Freitas, and Ms. Miechkowski walked over to City Hall where the woman who was being harassed had moved and spoke with her.

19. She indicated that the two officers across the street near the entrance to a CVS pharmacy on Fulton Street, upon information and belief Defendants Abenante and Richards, had told her that she and others were not allowed to stand there and had ordered her to move.

20. Directly in front of the CVS on Fulton Street is a public sidewalk which is approximately sixteen (16) feet wide with an additional walkway to the store entrance that is approximately four (4) feet, five (5) inches wide.

21. Plaintiff informed the woman that the Defendant Officers were incorrect and that she was entitled to stand on a public sidewalk so long as she was not obstructing anyone or committing other crimes or violations while standing there.

22. Plaintiff and others walked across the street to the area next to the entrance to CVS.

23. Plaintiff, followed by Ms. Freitas, Ms. Micheikowski and a few others who had joined them went to the same area without blocking the entrance to CVS or the ability of people to pass on the sidewalk.

24. An officer on a bicycle, Defendant Abenante, told Plaintiff she was not allowed to stand there.

25. Plaintiff Kurland informed Defendant Abenante that he was incorrect, she was not doing anything illegal, and had every right to stand where she was.

26. Plaintiff Kurland and Defendant Abenante had a brief exchange on the subject and some other people in the area also began speaking to both Plaintiff Kurland and Defendant Abenante.

27. Plaintiff moved across the sidewalk toward the curb near where the other people speaking with her and Defendant Abenante were located.

28. At no point was anyone prevented in any way by Plaintiff Kurland or others in her group from walking along the sidewalk.

29. During the course of this civil exchange, the woman whom Defendant Abenante originally tried to remove from the public sidewalk included a curse word among her comments.

30. Upon hearing it, Defendant Abenante said that the woman's use of a swear word constituted the criminal offense of disorderly conduct.

31. Plaintiff informed Defendant Abenante that he was again incorrect and cited the First Amendment to the United States Constitution and the case of *State of Rhode Island v. McKenna*, 415 A.2d 729 (R.I 1980).[1]

32. Plaintiff continued discussing constitutional law and the fact pattern of *State v. McKenna. supra.*[2].

33. Defendant Abenante and Defendant Richards were standing approximately ten (10) feet away talking to one another, while Defendant Abenante filmed Ms. Kurland and the others she was speaking with.

34. At no time did Plaintiff and other individuals block either the sixteen-foot sidewalk or the entrance to CVS.

---

[1] Plaintiff correctly stated the name of the case and its holding, but cited the page number incorrectly.

[2] Plaintiff described that the defendant in that case, criminal defendant Ms. McKenna, had called Woonsocket police "cocksuckers" and claimed that she would get a shotgun and "blow [their] fucking heads off." Ms. McKenna's speech was found to be constitutionally protected and not criminal by the Supreme Court of Rhode Island.

35. At this time, Plaintiff Kurland was standing approximately fifteen (15) feet away from the CVS building on the street side of the sidewalk and not near the entrance to the CVS.

36. Shortly thereafter, Defendants Abenante and Richards were speaking to each other and one Defendant said to the other "now everyone's blocking the sidewalk now because Miss Kurland wants to come here and prove a point."

37. One of the Defendants then said to Plaintiff "I don't see any egress there, look at that, everybody is blocking the sidewalk."

38. Plaintiff Kurland calmly responded to Defendants that three (3) feet of walking space on a sidewalk was all that was required according to §16-13(c) of the Providence City Code of Ordinances and that there was more than three (3) feet clear for pedestrians to walk.

39. One of the Defendants interrupted her by saying "I know who you are, I know, you just want to come here, you wanna get me in trouble."

40. Plaintiff responded to this by noting "it's up to you if you want to get yourself in trouble, it's totally up to you, I mean, we're just standing here where we can stand."

41. During this exchange, numerous pedestrians, including adults holding the hands of children walking abreast and people walking bicycles, passed on the sidewalk between Plaintiff and Defendant officers with no difficulty.

42. Defendant Abenante then filmed the wide expanse of open sidewalk, after which his footage ends.

43. Off-camera, Defendants Abenante and Richards called for their superior, Defendant Smith, who was then a Lieutenant with the Providence Police assigned to the district including the area of Kennedy Plaza.

44. Defendants Abenante and Richards told Plaintiff that Defendant Smith was coming.

45. Plaintiff responded to Defendants by saying that this is not necessary as she had no interest in speaking with Defendant Smith.

46. Plaintiff was in fact planning on leaving shortly anyway because she had to pick up two of her children from a dentist appointment.

47. Defendant Smith arrived shortly thereafter and informed Plaintiff that he would place her under arrest for not moving.

48. Plaintiff responded by asking Defendant Smith what she would be charged with if she did not move from the sidewalk.

49. Defendant Smith responded that he would charge Plaintiff with failure to move.

50. Plaintiff told Defendant that there is no such charge and the only city ordinance criminalizing the "failure to move" involves boats in the harbor. Providence, RI Code §11-9(16).

51. Defendant Smith then informed Plaintiff that she would be arrested.

52. At this point another person, this time a bystander, began filming again, noting that the Defendants were arresting Plaintiff for not moving from the sidewalk.

53. Plaintiff called her daughter, whom she was supposed to pick up from a dentist appointment shortly, to make alternative emergency arrangements.

54. Plaintiff then gave her belongings to Ms. Miechkowski for her to hold.

55. The scene reveled by the video recording was entirely calm, the sidewalk was almost entirely clear except for people walking past without obstruction and the Defendant officers.

56. In his incident report narrative, Defendant Abenante accused Plaintiff Kurland of "reciting case law" while on a public sidewalk.

57. Notwithstanding case law, Defendant Smith informed Plaintiff that she was under arrest and directed another Defendant City Police Officer to place Plaintiff in custody and transport her to the Defendant City's Public Safety Complex ("Police Station").

58. Plaintiff Kurland was then transported to the Police Station complex where she was held for three (3) hours before being released on her own recognizance.

59. When a friend of Plaintiff Kurland along with and an attorney went to the Police Station to secure Plaintiff's release approximately two hours later, police were unable to state any charges that they could accurately apply to Plaintiff's actions.

60. Finally, Plaintiff was charged with obstruction of a police officer under R.I. Gen. Laws §11-31-1, vandalism via obstruction of a business, namely CVS, under R.I. Gen. Laws §11-44-1, disorderly conduct ("violent, tumultuous behavior") under R.I. Gen. Laws §11-45-1(a)(1), and disorderly conduct-obstruction of a street or sidewalk, under R.I. Gen. Laws §11-45-1(a)(4).

61. Plaintiff Kurland retained private counsel to represent her.

62. These charges were filed in Sixth Division, Rhode Island District Court.

63. Hoping to reach a resolution more quickly, Plaintiff, through her counsel, transferred the case to Superior Court under Rule 23 of the Rhode Island District Court Rules of Criminal Procedure.

64. Despite compelling and irrefutable video evidence indicating that the Defendant officers' police report was at the very least misleading and more likely intentionally false and vigorous litigation on the part of private counsel, including motions, memoranda, and a bill of particulars, and a motion to dismiss, Defendants continued to prosecute Plaintiff Kurland without probable cause and with malice.

65. Indeed, at the time, Defendant City was already the Defendant in another law suit involving the violation of Plaintiff Kurland's First, Fourth, And Fourteenth Amendment rights by members of Defendant City's police department. *See Kurland v. Providence*, C.A. No. 14-0524-WES-PAS (D.R.I)

66. The charges against Plaintiff Kurland filed with a plea of not guilty on May 31, 2016, more than nine (9) months after Plaintiff was first arrested.

67. Plaintiff Kurland remained under conditions of restricted liberty, unable to leave the state without permission from a Rhode Island Superior Court judge, from the date of her arrest until the disposition more than eight months later.

*Events Subsequent to Peaceful Assembly—Fourth Amendment Violation and Malicious Prosecution*

**B.    Municipal Liability**

68. At least three Police Officers in the employ of Defendant City, Defendants Abenante, Richards, and Smith were unaware of the Plaintiff's constitutional right to assemble on public sidewalks and other public forums.

69. This lack of knowledge has continued despite a series of recent lawsuits in which the Defendant City has been sued for the same or similar free speech violations. *See e.g. Reilly v. Providence*, No. CA 10-461 S, 2013 WL 1193352 (D.R.I. Mar. 22, 2013); *Prince v. Providence*, C.A. No. 15-378M (D.R.I); *Kurland v. Providence*, C.A. No. 14-0524-WES-PAS (D.R.I); *Pombo v. Providence*, C.A. No. 1:15-cv-00291-ML-LDA (D.R.I).

70. Per the sworn testimony of Defendant City police officers in some of the above cases, Defendant City, Defendant Clements, and Defendant Paré have taken no action to properly supervise and/or notify, educate, and/or train City police officers relative to the rights of citizens to peaceably exercise First Amendment rights in public forums such as streets, sidewalks, and parks without law enforcement or other governmental interference.

71. Indeed, per the sworn testimony of Defendant City police officers Defendants City, Clements, and Paré generally provide no information about the filing of suits against Defendant City police officers and Defendant City police department either when the cases are filed or when they are resolved, even in the case of resolution via a court sanctioned consent degree imposing prospective obligations on the Defendant City police department.

72. Per the sworn testimony of Defendant City police officers, Defendants City, Clements, and Paré certainly took no action and provided no direction or training to prevent repeats of this unlawful behavior on the part of Defendant City.

73. Defendant Clements has, in sworn testimony, endorsed the unlawful behavior of Defendant City police officers interfering with the peaceable exercise of First Amendment rights in public forums such as streets, sidewalks and indicated that he believes they should continue to act in this unlawful manner.

74. Defendants Clements has also indicated in sworn testimony that he and Defendant Paré are the chief policy making officials for Defendant City's Police Department.

75. Defendant City failed to properly select, train, instruct, supervise and/or discipline officers in the City Police Department, including Defendants Smith, Abenante, and Richards, relative to the constitutionally protected right of people to peaceably assemble and/or exercise other First Amendment rights on public sidewalks and in other public forums.

76. As is apparent by the disturbing regularity of such events, including two events involving Plaintiff Kurland in a two (2) year period, a custom or policy exists in the City Police Department wherein the Defendant City acquiesced to, permitted, condoned and/or encouraged the deprivation of the constitutionally protected right of people to peaceably assemble and/or exercise other First Amendment rights on public sidewalks and in other public forums..

77. The Defendants knew or should have known that threatening Plaintiff with arrest, arresting Plaintiff Kurland, and otherwise interfering with the Plaintiff's peaceful assembly on a public sidewalk, particularly where there was no obstruction of the sidewalk, was unlawful under the circumstances based on well settled law.

78. Despite such knowledge, the Defendants, by and through their policy-making officials and agents, approved, acquiesced to, condoned, intentionally ignored, or were deliberately indifferent to such practice, and failed to change or eliminate such unlawful custom or policy.

### C. Intentional Conduct

79. At all relevant times, Defendants acted intentionally, willfully, maliciously, and/or with reckless or callous indifference to Plaintiff's clearly established constitutional rights.

80. Furthermore, at all relevant times, Defendants knew or should have known that their conduct would cause or contribute to the deprivation of Plaintiff's clearly established constitutional rights.

81. At all relevant times, Defendants were motivated by malice, wantonness and/or willfulness of an extreme nature, as evidenced by Defendant Abenante's statements that he knew Plaintiff Kurland and saw her as a threat.

### D. Irreparable Harm and Damages

82. The Defendants' actions have placed Plaintiff in the position of either refraining from constitutionally protected conduct or facing arrest and criminal prosecution.

83. Indeed Defendant City Officers singled out Plaintiff by name and expressed a particular hostility toward her and her efforts to exercise her constitutional rights.

84. As a direct and proximate result of the Defendants' acts and/or omissions, including, but not limited to, those described herein, the Plaintiff has suffered and will continue

to suffer deprivation of her right to freedom of expression under the First Amendment, and has thereby sustained and will continue to sustain irreparable harm.

85. As a direct and proximate result of the Defendants' acts and/or omissions, including but not limited to those described herein, the Plaintiff has suffered and will continue to suffer mental anguish, pain and suffering, impairment of her freedom of expression rights, deprivation of her civil rights, expenses for legal services, and other great damage.

## VI. Claims for Relief

86. Plaintiff incorporates in the counts below the allegations contained in ¶¶1 through 85 above.

### Count One
*Impairment of Freedom of Assembly and Speech in Violation of the First and Fourteenth Amendments, Actionable Pursuant to 42 U.S.C. §1983*

87. Defendants, acting under the color of state law, by their acts and/or omissions, including but not limited to those described herein, have deprived Plaintiff of and placed unlawful restrictions on her freedom of expression in violation of Plaintiff's right to assemble and/or exercise other First Amendment rights on public sidewalks and in other public fora, causing Plaintiff to suffer harm as aforesaid, and have thereby deprived Plaintiff of rights secured under the First and Fourteenth Amendments to the United States Constitution, actionable pursuant to 42 U.S.C. §1983.

### Count Two
*Impairment of Freedom of Assembly and Speech in Violation of Article 1, §21 of the Rhode Island Constitution*

88. Defendants, acting under the color of state law, by their acts and/or omissions, including but not limited to those described herein, have deprived Plaintiff of and placed unlawful restrictions on her freedom of expression in violation of Plaintiff's right to assemble and/or exercise other First Amendment rights on public sidewalks and in other public fora,

causing Plaintiff to suffer harm as aforesaid, and have thereby deprived Plaintiff of rights secured under Article 1, § 21 of the Rhode Island Constitution actionable in accordance with *Jones v. State of Rhode Island*, 724 F. Supp. 25 (D.R.I. 1989).

### Count Three
*Violation of Right to Freedom From Unreasonable Search and Seizure in Violation of the Fourth and Fourteenth Amendments, Actionable Pursuant to 42 U.S.C. §1983*

89. Defendants, acting under the color of state law, by their acts and/or omissions, including but not limited to those described herein, have violated Plaintiff Kurland's right to be free from unreasonable search and seizure, causing Plaintiff Kurland to suffer harm as aforesaid, and have thereby deprived Plaintiff Kurland of rights secured under the Fourth and Fourteenth Amendments to the United States Constitution, actionable pursuant to 42 U.S.C. §1983.

### Count Four
*Violation of Right to Freedom From Unreasonable Search and Seizure in Violation of Article 1, §6 of the Rhode Island Constitution*

90. Defendants, acting under the color of state law, by their acts and/or omissions, including but not limited to those described herein, have violated Plaintiff Kurland's right to freedom from unreasonable search and seizure, causing Plaintiff Kurland to suffer harm as aforesaid, and have thereby deprived Plaintiff Kurland of rights secured under Article 1, §6 of the Rhode Island Constitution actionable in accordance with *Jones v. State of Rhode Island*, 724 F. Supp. 25 (D.R.I. 1989).

### Count Five
*Malicious Prosecution in Violation of the Fourth, Fifth, and Fourteenth Amendments, Actionable through 42 U.S.C. § 1983*

91. Defendants, by their individual and/or concerted acts and/or omissions, including but not limited to those described herein, have caused criminal charges to be brought and prosecuted against Plaintiff without probable cause and with malice, which were terminated in favor of the Plaintiff, causing Plaintiff to suffer harm as aforesaid, and have thereby deprived

Plaintiff of rights secured under the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution, actionable pursuant to 42 U.S.C. § 1983.

### Count Six
*Malicious Prosecution in Violation of Article 1, §§2, 6 and 7 of the Rhode Island Constitution*

92. Defendants, by their individual and/or concerted acts and/or omissions, including but not limited to those described herein, have caused criminal charges to be brought and prosecuted against Plaintiff, without probable cause and with malice, which were terminated in favor of the Plaintiff, causing Plaintiff to suffer harm as aforesaid, and have thereby deprived Plaintiff of her rights secured under Article 1, §§ 2, and 6 of the Rhode Island Constitution, directly actionable in accordance with *Jones v. State of Rhode Island*, 724 F. Supp. 25 (D.R.I. 1989).

### Count Seven
*Common Law Malicious Prosecution*

93. Defendants, by their individual and/or concerted acts and/or omissions, including but not limited to those described herein, have caused criminal charges to be brought and prosecuted against Plaintiff without probable cause and with malice, which were terminated in favor of the Plaintiff, in violation of the common law of the State of Rhode Island, causing Plaintiff to suffer harm as aforesaid.

### Count Eight
*Common Law False Arrest and False Imprisonment*

94. Defendants, acting under the color of state law, by their acts and/or omissions, including but not limited to those described herein, intentionally imposed by force and/or threats an unlawful restraint on Plaintiff Kurland, arresting her without probable cause and restraining her freedom of movement and restricting her liberty, including handcuffing her, locking her in a police car, and holding her in a detainment cell, all without legal reason or justification causing Plaintiff Kurland, who was at all times conscious of her confinement, to suffer harm as aforesaid.

## VII.     **Prayers for Relief**

**WHEREFORE,** Plaintiff prays that this Court grant the following relief:

1.     A preliminary and permanent injunction restraining and enjoining Defendants from interfering with the exercise of the Plaintiff's right to peaceably assemble and/or exercise other First Amendment rights on public sidewalks and in other public forums guaranteed by the First and Fourteenth Amendments to the United States Constitution and Article 1, §21 of the Rhode Island Constitution.

2.     Preliminary and permanent injunctions directing the Defendant City to properly select, train, instruct, supervise and/pr discipline officers in the City Police Department relative to the constitutionally protected right of people to peaceably assemble and/or exercise other First Amendment rights on public sidewalks and in other public forums in the City.

3.     Preliminary and permanent injunctions requiring Defendants to seal and destroy the records derived from Plaintiff Kurland's unlawful arrest, including all photographs, fingerprints and other identification or descriptive information.

4.     A declaratory judgment that the Defendants, in the manner described herein violated the First and Fourteenth Amendments to the United States Constitution and Article 1, §21 of the Rhode Island Constitution by impairing Plaintiff's rights to freedom of assembly and speech.

5.     A declaratory judgment that the Defendants, in the manner described herein, violated the First and Fourteenth Amendments to the United States Constitution and Article 1, §6 of the Rhode Island Constitution by violating Plaintiff Kurland's right to be free from unreasonable search and seizure.

6.     A declaratory judgment that the Defendants, in the manner described herein, violated Plaintiff's right to be free from malicious prosecution under the Fourth, Fifth and Four-

teenth Amendments to the United States Constitution, actionable pursuant to 42 U.S.C. § 1983, Article 1, §§2 and 6 of the Rhode Island Constitution, directly actionable in accordance with *Jones v. State of Rhode Island*, 724 F. Supp. 25 (D.R.I. 1989), and under the laws of the State of Rhode Island.

7. An award of compensatory damages.

8. An award of punitive damages.

9. An award of reasonable attorney's fees and costs of litigation to Plaintiff pursuant to 42 U.S.C. §1988.

10. Such other and further relief as this Court deems just and proper

## VIII. Demand for Jury Trial

Plaintiff hereby demands a trial by jury on all counts so triable.

## IX. Designation of Trial Counsel

Plaintiff hereby designates Richard A. Sinapi, Esquire, as trial counsel.

Plaintiff,
By her attorneys,

Date: August 10, 2018

/s/ Richard A. Sinapi
**Richard A. Sinapi, Esq**. (#2977)
2374 Post Road, Suite 201
Warwick, RI 02886
Phone: (401) 739-9690; Fax (401) 739-9040
ras@sinapilaw.com